UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TD BANK, N.A., <br><br> **Plaintiff,** <br><br> v. <br><br> SDI FURNITURE1 INTL, INC., and DAVID HOROWITZ, <br><br> **Defendants.** | Civ. No. 2:23-CV-03269 (WJM) <br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

Plaintiff TD Bank, N.A. ("TD Bank" or "Plaintiff") initiated this breach of contract action against defendants SDI Furniture Intl, Inc., ("SDI") and David Horowitz ("Horowitz") (collectively, "Defendants"). Plaintiff filed this instant motion for default judgment (the "Motion") pursuant Federal Rule of Civil Procedure 55(b)(2). *See* ECF No. 11. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion for default judgement is **GRANTED**.

**I.   BACKGROUND**

Plaintiff is a national banking association with a principal place of business in Delaware. Compl. at ¶ 2, ECF No. 1. Defendant SDI is a corporation incorporated in New York with a principal place of business in New Jersey. *Id.* at ¶ 3. Defendant Horowitz is a citizen of the state of New York. *Id.* at ¶ 4. On December 5, 2019, Plaintiff and Defendant SDI entered into a small business administration loan agreement and a promissory note for $150,000.00. *Id.* at ¶¶ 7-9. Under the promissory note, SDI agreed to make only monthly interest payments commencing January 5, 2020, for each month thereafter, until January 5, 2025, where SDI agreed to pay monthly installments of the principal and interest until December 5, 2029, when all remaining amounts would become due. *Id.* at ¶ 13. Defendant Horowitz signed a commercial guaranty agreement guaranteeing payments under the agreement between Plaintiff and SDI. *See* Compl. Ex. C. SDI failed to make the required monthly payments and on September 13, 2022, Plaintiff declared the default, accelerated the loan, and demanded immediate payment of all amounts due. *Id.* at ¶¶ 15-17. On May 5, 2023, Plaintiff reiterated its declarations of default, acceleration, and demand of immediate payment. *Id.* at ¶ 18. As of April 30, 2023, the principal amount of $140,752.82 is due under the promissory note and loan agreement, as well as accrued interest and late charges. *Id.* at ¶ 20.

On June 14, 2023, Plaintiff filed a three-count complaint against Defendants. ECF No. 1. Count One alleges Defendant SDI committed breach of contract by failing to make the required monthly payments due under the note and loan agreement. *Id.* at ¶¶ 7-20. Count Two alleges both Defendants failed to make payments under the commercial guaranty agreement. *Id.* at ¶¶ 21-31. Count Three alleges Defendants breached the commercial security agreement, whereby SDI granted Plaintiff a security interest in all of SDI's assets as defined under the agreement. Specifically, Plaintiff alleges that because of Defendants' breach, Plaintiff is entitled to require SDI to assemble and make available the collateral at any place designated by Plaintiff and to exercise all rights and remedies conferred upon Plaintiff. *Id.* at ¶¶ 32-44. Service was properly effected on Defendant Horowitz's housekeeper on July 5, 2023, after Plaintiff's process server spoke with Defendant Horowitz's wife who directed the housekeeper to accept the summons and complaint. *See* ECF No. 5. Service was also properly effected on Defendant SDI on August 31, 2023 via certified mail. *See* Caruso Decl., ECF No. 11-3. Plaintiff filed for an entry of default with the Clerk of the Court on September 7, 2023 for Defendant Horowitz and on October 11, 2023 for Defendant SDI, which were both entered on September 8, 2023 and October 12, 2023, respectively. *See* ECF Nos. 6, 7. Plaintiff filed a motion for default judgment as to both Defendants on January 12, 2024, and filed an amended motion for default judgment on April 1, 2024. *See* ECF Nos. 9, 11. As of today's Opinion, Defendants did not file any response to that motion, have not moved to vacate their default, and have not filed any response to the complaint.

## II.     DISCUSSION

Fed. R. Civ. P. 55(b) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J, 2008). Before the Court grants a motion for default judgment, however, it must ensure, *inter alia*, (1) that personal jurisdiction exists over the Defendants and (2) "that entry of default under Rule 55(a) was appropriate." *Gov't Emples. Ins. Co. v. Pennsauken Spine & Rehab P.C.*, 17-cv-11727, 2018 U.S. Dist. LEXIS 131529, 2018 WL 3727369, at *2 (D.N.J. Aug. 6, 2018). Where the Court has jurisdiction, because the entry of default judgment prevents a decision on the merits, the mere fact of default does not entitle a plaintiff to judgment. Rather, "[i]t is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

Once a party has defaulted, the "consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)). An entry of default judgment requires that the Court determine whether a sufficient cause of action has been stated "since a party in default does not admit mere conclusions of law." *Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 535 (D.N.J. 2008). After a cause of action has been established, district courts must then determine whether the entry of default judgment would be proper by considering: (1) whether the party subject to default has a meritorious defense, (2) whether there is prejudice to the plaintiff if default judgment is

denied, and (3) whether the default was due to the defendant's culpable conduct. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Hritz*, 732 F.2d at 1181.

### A. Jurisdiction and Service

This Court has subject matter jurisdiction over this case because the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Plaintiff has its principal place of business in Delaware, Defendant Horowitz is a resident of New Jersey, and Defendant SDI is incorporated in New York with a principal place of business in New Jersey. *See* Compl. ¶¶ 2-4. The Court has personal jurisdiction as the contracts in dispute were entered into in New Jersey. *See* ECF No. 11-2. Defendants were both properly served. Defendant Horowitz was served at his home on July 5, 2023. Plaintiff's process server left the summons and complaint with Horowitz's housekeeper on July 5, 2023, after he spoke with Defendant Horowitz's wife who directed the housekeeper to accept the summons and complaint. *See* ECF No. 5. Although courts have generally held that housekeepers who do not live with a defendant cannot accept service on his behalf, the process server's affidavit makes clear that he spoke with Defendant Horowitz's wife, who can accept service on Horowitz's behalf, who then directed their housekeeper to physically receive the papers. *See* ECF No. 5; *see also Polo Fashions, Inc. v. B. Bowman & Co.*, 102 F.R.D. 905 (S.D.N.Y. 1984) (holding that service upon a housekeeper who did not reside with the defendant was insufficient to constitute service upon the defendant). Defendant SDI was properly served on August 31, 2023, via certified mail. *See* Caruso Decl., ECF No. 11-3.

### B. Cause of Action Established

To succeed on a breach of contract claim, a plaintiff must establish: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). The well-pled factual allegations in Plaintiff's complaint favor entering default judgment against Defendants for breach of contract. Plaintiff sufficiently alleged a contract between the parties, specifically the loan and note agreement between SDI and Plaintiff and the commercial security agreement between Plaintiff and both Defendants. Plaintiff also sufficiently alleged a breach of those contracts. Plaintiff detailed the execution of the loan documents between the parties and adequately alleged that Defendants defaulted under the loan documents for nonpayment of the note. Plaintiff also clearly suffered damages as a result of the breach since Defendants failed to make payments outlined in the note. Finally, there is no indication that Plaintiff failed to perform any of its own contractual obligations.

### C. Whether The Entry of Default Judgment Would Be Proper

Defendants have no meritorious defense based on the limited record before the Court. *See e.g.*, *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 U.S. Dist. LEXIS 115142 at *4 (D.N.J. Oct. 5, 2011) (finding no meritorious defense where court could not determine its existence since defendant did not respond). Defendants were properly served on July 5, 2023 and August 31, 2023, and failed to appear, defend, or otherwise respond to the complaint. *See* Caruso Decl., ECF No. 11-3; *see also* ECF No. 5. Plaintiff is

clearly prejudiced by Defendants' failure to respond as it has been prevented from prosecuting its case and seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, 2012 U.S. Dist. LEXIS 95135, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant.").

Similarly, absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in default." *Teamsters Pension Fund of Philadelphia*, 2011 U.S. Dist. LEXIS 115142 at *4. In this case, there is nothing before the Court to show that Defendants' failure to respond was not willfully negligent. *See id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 U.S. Dist. LEXIS 16531 at *1 (D.N.J. Feb. 27, 2009)) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted). Accordingly, the Court will enter default judgment against Defendants as to liability.

D. Relief

Plaintiff seeks actual damages for Defendants' violations. Under the loan agreement, a failure to make any payment constitutes an event of default where all amounts owed are immediately due and payable in full. Defendant SDI agreed to pay Plaintiff a late payment charge of 5% of the unpaid portion of any regularly scheduled payment that became 15 days or more late, as well as reimburse Plaintiff for any reasonable costs and attorneys' fees incurred in connection with Plaintiff's attempts to enforce its rights under the agreements. On May 5, 2023, Plaintiff declared a default for failure to make a payment and demanded immediate payment of all amounts due. As of January 10, 2024, the total amount of $173,771.12 was due on the loan (consisting of $140,752.82 in principal, $18,268.80 in accrued interest, $1,750.00 in appraisal fees, and $12,999.50 in legal fees). Similarly, $46.92 in interest is due beginning on January 11, 2024 and for each day thereafter until payment is made. The Court finds that Plaintiff has made an adequate showing of damages and will enter default judgment against Defendants accordingly.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is **GRANTED**. Judgment shall be entered against Defendants, jointly and severally, for damages in the amount of $173,771.12 and daily interest payments of $46.92 beginning on January 11, 2024 and until payment is made. Defendant SDI shall also make available its collateral to Plaintiff pursuant to the commercial security agreement.

An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: June 4, 2024

4